UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAWRENCE K. NIXON** | : | **CIVIL ACTION NO. 2:11-cv-638** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **JACKSON PARISH CORRECTIONAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus by petitioner, Lawrence K. Nixon.  For the reasons discussed herein, IT IS RECOMMENDED that the instant application for a writ of habeas corpus be DENIED and DISMISSED WITH PREJUDICE.

**A. Procedural History:**

Petitioner was convicted on March 25, 2009, on one count of simple burglary in violation of Louisiana Revised Statute 14:62 after a jury trial in the 31st Judicial District Court in and for Jefferson Davis Parish, State of Louisiana.  He was sentenced to serve six years at hard labor in the custody of the Louisiana Department of Corrections.

Petitioner appealed his conviction to the Louisiana Third Circuit Court of Appeals.  He raised ten (10) assignments of error, including two (2) by counsel and an additional eight (8) *pro se*.  The appellate court affirmed petitioner's conviction and sentence.  *State v. Nixon*, 2010 WL 1873100 (La. App. 3 Cir. 2010).  Petitioner then filed an application for writ of certiorari and/or review with the Louisiana Supreme Court.  That application was denied.  *State v. Nixon*, 51 So.3d 20 (La. 2010).

B. **Legal Standard:**

Federal courts of the United States are granted jurisdiction to entertain applications for writs of habeas corpus on behalf of a person in State custody only if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Because the appellate court adjudicated petitioner's claims on the merits, this court reviews those decisions under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). Where the state court has reached the merits of a constitutional claim, a "writ of habeas corpus . . . shall not be granted with respect" to that claim "unless the adjudication of the claim" resulted in a decision that was either (1) contrary to clearly established federal law or unreasonably applied that law, or (2) "based on an unreasonable determination of the facts in light of the evidence" before the state court. 28 U.S.C. § 2254(d).

In order to be entitled to relief under the first standard, petitioner must demonstrate that the state court decision was "contrary to clearly established law"—that is, the "fair import" of the decision shows that the court failed to apply the controlling Supreme Court standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam). To be entitled to relief under the second standard, petitioner must demonstrate "that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

C. **Claims for Relief:**

In the instant application, petitioner advances five claims for relief. Each claim will be addressed in turn.

- (1) **"I was convicted of Simple Burglary even though the evidence was insufficient to support the conviction. The State of Louisiana Court of Appeal, Third Circuit's s [sic] adjudication of the claim was based on an unreasonable determination of the facts in light of the evidence presented at trial."**

Petitioner claims that the trial court erred in finding him guilty of his simple burglary charge. He makes a number of arguments about the credibility of witness testimony, the admission of hearsay testimony, and the lack of evidence found in his possession. Petitioner argues that the evidence presented did not prove the elements of the crime beyond a reasonable doubt. Doc. 1, pp. 7–8.

A criminal conviction cannot be sustained "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Because petitioner was found guilty, the findings of the trial court are reviewed in the light most favorable to the prosecution. *Id.* at 307. Deference to the trier of fact is appropriate because the trier has undertaken the responsibility to "fairly [] resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

Petitioner advanced the same argument on direct appeal, which the state appellate court considered and rejected. On federal habeas review, the "question is whether the state court's application of the [*Jackson*] standard was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

The state appellate court engaged in a lengthy discussion on petitioner's claim that the evidence was insufficient to support his conviction. It applied an analysis consistent with the *Jackson* standard previously articulated. *See State v. Nixon*, 2010 WL 1873100, *1 (La. App. 3 Cir. 5/12/2010). Moreover, the appellate court engaged in a lengthy review of the findings of fact that supported the conviction. *See Id.* at *2–*5.

Petitioner does not argue how the state appellate court unreasonably applied the *Jackson* standard. Moreover, he utterly fails to indicate how the state appellate court made unreasonable

findings of fact in light of the evidence.  Petitioner only reiterates his version of the case without any exposition whatsoever of how the findings of fact were so lacking in justification that there could be no fair-minded disagreement that the state appellate court was wrong.  As such, this claim does not provide a basis for relief.

**(2) "My conviction was obtained as the result of Ineffective Assistance of Counsel. The Third Circuit Court of Appeal's finding that my claim of ineffective assistance of counsel lacked merit was based on its unreasonable application of clearly established Federal law establishing my right to effective assistance of counsel."**

Petitioner claims that his trial counsel provided ineffective assistance.  He alleges that counsel was deficient insofar as he failed to challenge the admissibility of certain evidence, the credibility of the witness testimony, and the racial composition of the jury.  Petitioner also argues that counsel failed to introduce a statement into evidence as well as file a Motion of Arrest of Judgment.  Doc. 1, pp. 8–10.

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner must demonstrate both (1) his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict.  *Id.* at 687.  This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness.  *Id.* at 687–88.

Petitioner raised the same claims of ineffective assistance of counsel to the state district court that he raises in the instant application.[1]  Thus, at this stage "[t]he pivotal question is

---

[1] Petitioner argued on direct appeal from his conviction that the racial composition of the jury ran afoul of *Batson v. Kentucky*, 476 U.S. 79 (1986).  However, he did not argue that counsel was ineffective in this respect.  *See* Doc. 8,

whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

The Louisiana Third Circuit applied the *Strickland* standard in reviewing petitioner's case. *See State v. Nixon*, 2010 WL 1873100, *8–*9 (La. App. 3 Cir. 5/12/2010). The court found that petitioner was not entitled to relief on his claim of ineffective assistance because he failed to "present any proof of his allegations or point to any portion of the record to support his various claims." *Id.* at *9.

In the instant application, petitioner fails to demonstrate that this was an unreasonable application of the *Strickland* standard. It is his burden to show that counsel was seriously deficient and such deficiency caused petitioner prejudice. In order to make such a showing, he must identify such errors and prejudice with particularity. Petitioner failed to do so before the state appellate court and fails to do so before this court. As such, this claim does not provide a basis for relief.

**(3) "My conviction was obtained as the result of the prosecutorial misconduct whereby he withheld exculpatory evidence."**

Petitioner claims that his conviction was obtained as a result of misconduct by the prosecutor. The defendant alleges that the prosecutor was aware that Detective Gauthier had a "vendetta" against the Defendant and relied on "unsound and facially deficient" affidavits to conduct an unconstitutional search and seizure. The defendant further argues that the prosecutor was aware of the deficient interview with Detective Gauthier and Joyce Duhon. Lastly, the

---

att. 1, pp. 36–37. The ineffective assistance claim is distinct from the *Batson* claim, and as such, cannot provide a basis for relief in the instant application because it was not properly exhausted in state court. *See* Section (3), *infra*. Similarly, petitioner did not argue on direct appeal that his counsel was deficient for failing to raise a Motion for Arrest of Judgment, and thus, that claim does not provide a basis for relief on habeas review.

defendant claims that either the Jennings Police Department and or the prosecutor failed to disclose exculpatory evidence.  Doc. 1, p. 9.

The State has an obligation to disclose evidence in its possession that has exculpatory value to a criminal defendant.  *Brady v. Maryland*, 373 U.S. 83 (1963).  This obligation of disclosure stems from the right to due process as guaranteed by the 14th Amendment.  *Id.* at 86.  A *Brady* obligation may arise where: (1) undisclosed evidence demonstrates that the prosecution's case included perjured testimony that the prosecution knew or should have known was perjured, (2) the prosecution fails to respond to a defense request for specific exculpatory evidence, and (3) the prosecution fails to disclose exculpatory evidence requested in a general manner or not requested at all.  *U.S. v. Augurs*, 427 U.S. 97, 103–107 (1976).

An application for a writ of habeas corpus "shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. 2254(b)(1)(A).  This exhaustion doctrine requires a petitioner to present all federal claims to the state court before requesting federal habeas relief.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  State court prisoners must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The federal claims should be presented to state courts "in a procedurally proper manner according to the rules of the state courts."  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

While petitioner raised a *Brady* claim on direct appeal to the Louisiana Third Circuit, the substance of the claim was completely different than the claim asserted in the instant habeas application.  *Compare State v. Nixon*, 2010 WL 1873100, *10–*11 (La. App. 3 Cir. 5/12/2010), and Doc. 8, att. 1, p. 37, *with* Doc. 1, p. 10.  The exhaustion requirement is not met where the

petitioner argues a different legal theory in federal court than the one proposed in state court. *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003). A federal court will not review claims for habeas relief where the applicant raises new legal arguments or makes new factual assertions. *Whitehead*, 157 F. 3d at 387.

Petitioner raises these claims for the first time in the instant application. They were not raised on direct appeal to the Louisiana Third Circuit, and petitioner did not seek post-conviction relief. Therefore, these claims do not entitle petitioner to relief. *See* 28 U.S.C. § 2254(b)(1)(A).

**(4) "My conviction was obtained as the result of violations of my right to due process of law and violations of the 4th Amendment to the U.S. Constitution."**

**(5) "My conviction was obtained as the result of violations of my right to due process of law and unconstitutional search and seizure; violations of the Article 1, Section 5 and the 4th Amendment to the U.S. Constitution."**

Petitioner's fourth and fifth claims for relief are related insofar as he claims that his rights under the 4th Amendment and the Due Process Clause of the 14th Amendment were violated.

In the fourth claim for relief, petitioner argues that the search of his residence violated the Fourth Amendment, and the evidence obtained as a result thereof should be subject to exclusion. He alleges that Detective Gauthier did not act in good faith when submitting the two affidavits to the magistrate and that he relied on his personal belief that the defendant was a "career criminal." Petitioner further claims that the affidavits were facially invalid and failed to meet the particularity requirement, that the warrants were not issued by a detached and neutral magistrate, and that he was arrested and held without probable cause for over 60 days. Doc. 1, pp. 10–11.

In the fifth claim for relief, petitioner argues that his conviction for simple burglary violates his Due Process right, his Fourth Amendment right against unreasonable searches and

seizures, and is in violation of "Article I, Section 5." [2] He claims his arrest pursuant to an arrest warrant lacked probable cause, and that the two search warrants issued failed to state a particular item to be searched. Doc. 1, pp. 11–12.

Petitioner raises these claims for the first time in the instant application. They were not raised on direct appeal to the Louisiana Third Circuit, and petitioner did not seek post-conviction relief. Therefore, these claims do not entitle petitioner to relief. *See* 28 U.S.C. § 2254(b)(1)(A).

### D. Recommendation

IT IS RECOMMENDED that the instant application for a writ of habeas corpus be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

---

[2] Petitioner references "Article 1, Section 5." The undersigned presumes that petitioner is referring to this section of the Louisiana Constitution because the corresponding provision of United States Constitution deals with the internal rules of the House of Representatives. Nevertheless, the Louisiana Constitution cannot serve as a basis for relief on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

      THUS DONE this 5th day of June, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE